UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JAVIER SOTO MARVAL,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT et al.,<br><br>Respondents. | No. 1:26-cv-00804-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos.) |

On January 30, 2026, petitioner filed a petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. Nos. 1, 2.) On the same day, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), *Perez v. Albarran.*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 4.)

On February 2, 2026, respondents filed an opposition. (Doc. No. 8.) They argue therein that because Petitioner "entered the United States illegally and was placed in removal

1

1  proceedings" petitioner is properly categorized as an "'applicant for admission who is subject to
2  mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (*Id.* at 1.) Respondents further argue
3  that the government's prior decision to release petitioner from custody pursuant to the
4  government's discretion does not change this fact. (*Id.* at 2.) Respondents do, however, concede
5  "that this case is in the same legal and procedural posture as" *O.A.C.S.* and *Perez*. (*Id.* at 1.)
6  Respondents submit on these arguments with respect to petitioner's motion for preliminary
7  injunction and the petition for writ of *habeas corpus*. (*Id.*)

   In support of the petition for *habeas corpus* and motion for temporary restraining order,
9  petitioner submits evidence of the following.

   Petitioner is a Venezuelan citizen who entered the United States on July 27, 2022, when
11 he was briefly detained by the Department of Homeland Security and released on his own
12 recognizance on July 31, 2022. (Doc. No. 2-3 at 6–8, 10–13.) Petitioner subsequently applied for
13 asylum. (*Id.* at 15.) Petitioner claims that he has no criminal history. (Doc. No. 1 at 15 n.1.) He
14 further alleges that on January 2, 2026, Immigration and Customs Enforcement agents re-detained
15 him during his attendance at a regularly scheduled ISAP appointment without any explanation or
16 prior notice. (*Id.* at ¶ 1; Doc. No. 2-4 at 8.) On January 7, 2026, an immigration judge ("IJ")
17 denied petitioner's request for a custody redetermination hearing on the grounds that the IJ lacked
18 jurisdiction to grant the request and hold such a hearing. (Doc. No. 2-3 at 17.)

   Because respondents have indicated that this case is in the same posture as that addressed
20 in the court's prior orders in *O.A.C.S.* and *Perez*, the court adopts the reasoning set forth in the
21 orders in those cases and concludes that petitioner's detention violates due process.

   Accordingly, for the reasons explained above,

23 1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part
24    as follows:
25    a. Respondents are ORDERED to immediately release petitioner from
26       respondents' custody on the same conditions he was subject to prior to his
27       re-detention on January 2, 2026;
28 /////

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden of establishing that petitioner presents a flight risk or danger to the community;

   c. Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal upon a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **February 2, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE